The opinion of the Court was delivered at March term 1823.

Per Curiam.

This case turns entirely upon the question, whether an assignment of dower can be made by the heir, or other person liable to have it demanded of him, without an instrument in writing or deed, but no case has been cited to* 1 show that an instrument in writing or deed is necessary, li seems to be admitted by the counsel for the demandant, that but for the statute of frauds an assignment without an instrument in writing or deed would be good, for his only answer to the authorities cited on the other side is, that they were before the passing of that statute. Now, if an assignment was a conveyance from the heir to the widow, without doubt, since the statute, a deed or writing would be necessary ; but it is not a conveyance ; the widow holding her estate by law, and not by contract, wants nothing but to have that part which she is to enjoy set out and distinguished from the rest, and this may be done by setting it out by metes and bounds, as well as by deed. The widow does not hold her estate of the heir, but of her deceased husband, or rather by appointment of law. If she received land that was not her husband’s, or other thing, in lieu of dower, a deed would be necessary, because she would derive her title from the person making such conveyance in lieu of dower. On consulting the entries and plead • ings which have been cited, we find that the plea in bar conforms to them, and this is enough to show that at common law an assignment in pais was sufficient.[1]

Replication adjudged bad.

 See Jones v. Brewer, post, 317; Baker v. Baker, 4 Greenl. 67; Pinkham v Gear, 3 N. Hamp. R. 163.